[709 NYS2d 185]

In the Matter of ARNOLD SILBERSTEIN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 20, 2000

## APPEARANCES OF COUNSEL

*Naomi F. Golstein* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Daniel Gildin* of counsel (*Kaufmann, Feiner, Yamin, Gildin & Robbins, L. L. P.*, attorneys), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent, Arnold Silberstein, was admitted to the practice

of law in the State of New York by the Second Judicial Department on June 18, 1942. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moves pursuant to 22 NYCRR 605.15 (e) for an order confirming the Hearing Panel's report and recommendation dated February 8, 2000 suspending respondent for no less than one year. Respondent cross-moves for an order disaffirming the Hearing Panel's determination and for a sanction of public censure or a suspension of no more than three months.

On or about December 10, 1998, the Committee served respondent with a notice and statement of charges alleging multiple violations of the Code of Professional Responsibility through a pattern of misconduct, including neglect of three separate legal matters which resulted in prejudice to the client, violation of a standing rule of a tribunal and the drafting and signing of sworn affidavits containing false assertions. Specifically, charges one and two pertained to an estate matter and alleged neglect and failure to return the estate file. Charges three through seven pertained to an estate matter in which respondent was executor and attorney for the estate of Janice McRae, who died in 1994. These charges alleged that respondent failed to move the settlement of the estate; failed to timely pay the calculated estate taxes; failed to arrange for the timely transfer of securities registered in the decedent's name to the estate; signed a sworn affidavit which contained false assertions; engaged in conduct involving deceit and misrepresentation; and advanced legal fees to himself without first making application to the Surrogate's Court as required under SCPA 2111, in violation of Code of Professional Responsibility DR 6-101 (a) (3), DR 7-101 (a) (3), DR 1-102 (a) (4) and DR 7-102 (a) (5) (22 NYCRR 1200.30, 1200.32, 1200.3, 1200.33). As a result of the respondent's conduct, Carter Chatfield, a principal legatee, incurred $15,000 in legal fees and interest on the estate taxes.

Charges eight through ten pertained to a matter in which respondent was retained to represent Jonathan Bass, who was the conservator of his mother's property. Mr. Bass's mother died on November 6, 1992 and he was required to file a final accounting in order to close out the conservatorship prior to probating his mother's estate. The charges alleged respondent's neglect of the matter; conduct involving deceit and misrepre-

sentation to conceal his neglect; prejudice to a client; and the submission of a sworn affidavit containing false assertions, in violation of DR 1-102 (a) (4), DR 6-101 (a) (3) and DR 7-101 (a) (3). Respondent's conduct resulted in serious prejudice to Mr. Bass and the other heirs inasmuch as they had to wait seven years for the distribution of the estate.

Charge eleven alleged that by all of the aforementioned misconduct, responded engaged in conduct that reflected adversely on his fitness to practice law in violation of DR 1-102 (a) (8) (now [7]).

After service of his answer, respondent entered into a pre-hearing stipulation on or about March 23, 1999 wherein he made limited admissions.

On March 23, April 20 and April 29, 1999, three evidentiary hearings were held at which petitioner presented five witnesses and respondent testified on his own behalf. In a report and recommendation dated October 7, 1999, the Referee sustained 8 of the 11 charges. The Referee declined to sustain charges one and two on the ground that the complainant was not a credible witness. The Referee also declined to sustain charge seven, which alleged that respondent advanced legal fees to himself without application to the Surrogate's Court pursuant to statute. The Referee relied upon respondent's testimony that he believed he was relieved of this obligation since the Surrogate's law assistant participated in the drafting of a stipulation in which the amount of respondent's ultimate fee was negotiated. Based upon these findings and the fact that respondent was admonished in 1989 and 1994 for similar conduct charged in the instant proceeding, the Referee recommended that respondent be suspended for two years.

On November 30, 1999 the Hearing Panel heard oral arguments from the parties. The Disciplinary Committee requested a modification of the Referee's report to the extent of sustaining charge seven. Respondent requested that the Panel confirm the Referee's report and disaffirm the sanction. He recommended a sanction of public censure or three-month suspension. By a determination dated February 8, 2000, the Hearing Panel confirmed the Referee's report with respect to charges one through six; disaffirmed the Referee's dismissal of charge seven; and recommended that respondent be suspended for a period of one year.

The Hearing Panel's determination should be confirmed as it is supported by the record. The Panel properly sustained charge seven finding that respondent violated a standing rule

of a tribunal. Respondent has practiced law for over 57 years and we are not persuaded that he could reasonably believe that a law assistant could authorize payment of his fee and waive the statutory requirement of an application to the court. We also agree that a one-year suspension is an adequate sanction of this respondent.

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law for one year, and respondent's cross motion denied accordingly.

MAZZARELLI, J. P., ELLERIN, LERNER, ANDRIAS and FRIEDMAN, JJ., concur.

Petition granted, the determination of the Hearing Panel confirmed, and respondent suspended from the practice of law in the State of New York for a period of one year, effective the date hereof, and until the further order of this Court. Cross motion to disaffirm the Hearing Panel's determination and recommended sanction denied.