[759 NYS2d 680] ´

In the Matter of Arnold Silberstein (Admitted as Arnold I. Silberstein), a Suspended Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, June 5, 2003

### APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Arnold Silberstein,* respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent, Arnold Silberstein, was admitted to the practice of law in the State of New York by the Second Judicial Department on June 18, 1942. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

Respondent was suspended from the practice of law for a period of one year by order entered June 20, 2000 (274 AD2d 151) for his pattern of misconduct, including neglect and the drafting and signing of sworn affidavits containing false assertions. The Departmental Disciplinary Committee subsequently moved for an order holding respondent in criminal contempt for violating this order of suspension.

The Committee now moves pursuant to 22 NYCRR 603.11, for: (1) permission to withdraw its motion for criminal contempt and (2) an order accepting respondent's affidavit of resignation from the practice of law based upon his inability to successfully defend himself against charges of misconduct pending before the Committee.

Respondent submits his resignation sworn to February 28, 2003 pursuant to 22 NYCRR 603.11, which provides that an attorney who is the subject of a disciplinary proceeding pending in a court may resign by submitting an affidavit of resignation to the Committee. The affidavit must state that his resignation is voluntary, that he is aware of the disciplinary proceedings against him, and that he cannot successfully defend himself against the charges.

Respondent's affidavit satisfies these criteria. In it, he acknowledges that there is a motion by the Committee for an order of criminal contempt alleging that he violated the order of suspension and utilized his "counselor-at-law" letterhead af-

ter the date of suspension. He acknowledges that he has no defense to this charge and avers that he is resigning voluntarily, with full awareness of the implications.

The motion should be granted, respondent's resignation accepted, his name stricken from the roll of attorneys and counselors-at-law, nunc pro tunc to February 28, 2003, and the motion seeking to hold respondent in criminal contempt (M-530) deemed withdrawn.

Mazzarelli, J.P., ANDRIAS, ELLERIN, LERNER and FRIEDMAN, JJ., concur.

Resignation accepted. Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to February 28, 2003. Motion to hold respondent in criminal contempt (M-530) deemed withdrawn.